# In the United States Court of Federal Claims

No. 04-786

Filed: May 22, 2020

|  |  |  |
|---|---|---|
| SACRAMENTO GRAZING ASSOCIATION, INC., et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | Motion for Summary Judgment; RCFC 56(c) Tucker Act; Fifth Amendment |
| v. | ) ) | Taking; Physical Taking; Regulatory Taking; Fact-Intensive Inquiry. |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) | |

*Michael Joseph Van Zandt*, Hanson Bridgett, San Francisco, CA, for plaintiffs.

*Reuben S. Schifman*, U.S. Department of Justice, Environment and Natural Resources Division, Washington, DC, for defendant.

**OPINION AND ORDER**

***SMITH*, Senior Judge**

    This matter is before the Court on defendant's Motion for Summary Judgment. On May 4, 2004, plaintiffs, Sacramento Grazing Association, Inc., *et al.*, filed their initial Complaint with this Court, alleging a Fifth Amendment Taking of their property in New Mexico by the United States Forest System, including certain water rights, preference grazing rights, and the roughly eighty-acre property known as the "Goss Ranch." *See generally* Plaintiffs' Complaint for 1. Just Compensation, 2. Damages, ECF No. 1. After bifurcating the issues of liability and damages, in February of 2012, this Court held a trial in Albuquerque, New Mexico, on the issue of liability with respect to plaintiffs' physical taking claim. On November 3, 2017, this Court issued an Opinion finding that, under New Mexico law, plaintiffs established a physical taking of their right to beneficial use of stock water sources in the Sacramento Allotment of the Lincoln National Forest. *Sacramento Grazing Ass'n, Inc. v. United States*, 135 Fed. Cl. 168, 207 (2017). On January 8, 2019, this case was transferred to Senior Judge Loren A. Smith.

    By leave of the Court, on May 15, 2019, plaintiffs filed their Third Amended Complaint, reiterating their physical taking claim and further alleging a regulatory taking of plaintiffs' water rights and grazing rights. *See generally* Plaintiffs' Third Amended Complaint, ECF No. 238. Plaintiffs seek $8,021,843.00 in damages based on their physical and regulatory taking claims as well as "interest on the compensation from the dates of the takings[,] . . . interest on the damages from the date of judgment," and attorneys' fees and costs. *Id.* at 9–10. On May 29, 2019,

1

defendant filed its Answer.  *See generally* United States' Answer to Plaintiffs' Third Amended Complaint, ECF No. 241.

On March 4, 2020, consistent with the Court's most recent Scheduling Order, defendant filed a motion for summary judgment, requesting that the Court grant summary judgment in favor of the government with respect to plaintiffs' regulatory taking claim, thereby "leav[ing] the quantum of just compensation for the physical taking found by the Court in its 2017 decision to be the only issue to be addressed at trial."  United States' Motion for Summary Judgment, ECF No. 250, at 10–11.  On March 13, 2020, plaintiffs filed their Response, alleging that they "will prove at trial that the actions of the Forest Service have so burdened the Plaintiffs' property rights that the Forest Service has destroyed those property rights."  Plaintiffs' Opposition to United States' Motion for Summary Judgment, ECF No. 251, at 1.  Moreover, plaintiffs "assert, and will prove at trial, that the taking of those water rights has so impacted the operation of the cattle business that it has destroyed the cattle business as well," which, plaintiffs argue, "is a factual inquiry . . . that cannot be resolved by summary judgment."  *Id.* at 3.  On March 20, 2020, defendant filed its Reply in Support of its Motion for Summary Judgment.  *See generally* United States' Reply in Support of its Motion for Summary Judgment, ECF No. 252.  The Court held oral argument on March 30, 2020.  On May 21, 2020, the Court held a telephonic Status Conference to discuss defendant's Motion as well as the restrictions on the Court's ability to hold a trial in light of the health crisis surrounding COVID-19.  Defendant's Motion is fully briefed and ripe for review.

This Court's jurisdictional grant is found primarily in the Tucker Act, which gives this Court the power "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, . . . or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1) (2018).  Though the Tucker Act expressly waives the sovereign immunity of the United States against such claims, it is "merely a jurisdictional statute and does not create a substantive right of action" enforceable against the United States for money damages.  *Rick's Mushroom Serv. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (citing *United States v. Testan*, 424 U.S. 392, 398 (1976)); *Quimba Software, Inc. v. United States*, 132 Fed. Cl. 676, 680 (2017) (citing same).  Instead, "a plaintiff must identify a separate source of substantive law that creates the right to money damages," such as a money-mandating constitutional provision.  *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983)); *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).  "One such money-mandating constitutional provision is the Takings Clause of the Fifth Amendment to the United States Constitution, which provides: 'nor shall private property be taken for public use, without just compensation.'"  *Fairholme Funds, Inc. v. United States*, No. 13-465, 2016 U.S. Claims LEXIS 2294, at *4 (Fed. Cl. Sept. 30, 2016) (quoting U.S. Const. amend. V).

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Rule 56(c) of the Rules of the Court of Federal Claims; *see also, e.g.*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, (1986).  A "genuine" dispute is one that "may reasonably be resolved in favor of either party," and a fact is "material" if it might significantly alter the outcome of the case under the governing

2

law.  *See Anderson*, 477 U.S. at 248, 250.  In determining the propriety of summary judgment, this Court will not make credibility determinations and will draw all inferences in favor of the non-moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986); *see also, e.g.*, *Sys. Planning Corp. v. United States*, 107 Fed. Cl. 710, 716 (2012).

This Court has routinely explained that the "standard for determining whether a regulatory taking has occurred is both fact-intensive and case-specific." *Sys. Fuels, Inc. v. United States*, 65 Fed. Cl. 163, 172 (2005) (citing *Tahoe-Sierra Preservation Council v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 336–37, 342 (2002)); *see also Gardens v. United States*, No. 93-655, 2014 U.S. Claims LEXIS 925, at *11 (Fed. Cl. Sept. 5, 2014) (citing *Penn Central Transp. Co. v. New York City*, 438 U.S. 104, 124 (1978) (referring to regulatory taking claims as "essentially ad hoc, factual inquiries.")) ("Regulatory takings claims are fact intensive cases."). The Court believes that characterization is particularly applicable in reviewing plaintiffs' regulatory taking claim in the case at bar.

Upon careful consideration of the unique history and facts of this case, and consistent with discussions held during the May 21, 2020 Status Conference, the Court concludes that summary judgment is inappropriate at this time.  Instead, the Court deems a trial on plaintiffs' regulatory taking claim necessary for the development of a more comprehensive record.  Recognizing that the Court cannot hold the government liable for both a physical and a regulatory taking of the same property, the Court reserves its right to vacate the November 3, 2017 Opinion by this Court pending the conclusion and resolution of a trial on plaintiffs' regulatory taking claim.

For the reasons set forth above and during the Court's May 21, 2020 Status Conference, the Court hereby **DENIES** defendant's MOTION for Summary Judgment.  Additionally, pursuant to discussions held during that same Status Conference, the Court **SHALL** hold a telephonic Status Conference on **June 24, 2020**, at 4:00 p.m. (EDT) to discuss the forthcoming procedural schedule in this case, including a trial on plaintiffs' regulatory taking claim.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*
Loren A. Smith,
Senior Judge